IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GURAL FOSTER**                                                                 **PLAINTIFF**

V.                                    **4:21CV00851 JM**

**WELCARE;**
**DOE, Social Supplement Income**                                     **DEFENDANTS**

## ORDER

Plaintiff Gural Foster's motion to proceed *in forma pauperis* is granted. He reports living on disability income. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The law requires that I screen the Complaint. 28 U.S.C. § 1915(e)(2). "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In a one-paragraph complaint, Foster appears to argue that the Court's staff acted unprofessionally by not issuing summons in a previously-filed case. Foster first sued Welcare in 2019. *Foster v. Welcare Health Plans*, No. 4:19-cv-896-DPM (E.D. Ark.). In that matter, Foster was repeatedly directed to make payments toward his filing fee and to file an amended complaint

explaining why the Court had jurisdiction. *Id*. (Doc. 3, 8, 11, & 15). Foster did neither and instead moved to dismiss his complaint. *Id*. (Doc. 16) His case was dismissed without prejudice in March 2020. *Id*. (Doc. 17). For Foster's benefit, because he neither paid his filing fee nor filed an amended complaint, the Court never directed the Clerk's Office to issue summons. Regardless, this Court lacks jurisdiction of his present complaint. Subject-matter jurisdiction may be raised *sua sponte* at any time. *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993). Foster neither asserts a federal question, 28 U.S.C. §1331, nor does he assert either the requisite amount in controversy or diversity of citizenship. 28 U.S.C. § 1332.

The Complaint is dismissed without prejudice. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 1st day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE